Dated: March 01, 2006
The following is ORDERED:



*Tom R. Cornish*
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **JAMES R. HOFFMAN and** | ) | Case No. 05-70031 |
| **JANICE S. HOFFMAN** | ) | Chapter 7 |
| | ) | |
| Debtors, | ) | |
| | ) | |
| **MOLLIE H. DODSON TRUST, by** | ) | |
| **and through its Trustee, JAY WELLS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 05-7035 |
| | ) | |
| **JAMES R. HOFFMAN and** | ) | |
| **JANICE S. HOFFMAN** | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On the 17th day of January, 2006, the above-referenced adversary proceeding came on for trial.

Appearances were made by Lyle Nelson, Attorney for Plaintiff, and Laura Corbin, Attorney for

Defendants. After review, this Court does hereby enter the following in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Defendants owned and operated a plumbing business known as Allen Donnell Plumbing & Backhoe Services Co., Inc. ("Company"), until they sold the business in early 2003. In October of 2001, Plaintiff leased plumbing equipment to the Company. The equipment was subsequently stolen sometime in December of 2001. An insurance claim was filed on the equipment which resulted in a settlement from the insurance company. Plaintiff was not aware of the loss of the equipment, nor of the insurance proceeds, until late 2004. Plaintiff asserts an interest in the insurance proceeds, and alleges that Defendants converted the funds to their own use, contrary to Plaintiff's interest. Plaintiff seeks the exception of the debt from discharge pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6).

Defendants assert that the insurance proceeds were not paid to Defendants, rather, they were paid to the Company. Defendants argue that the facts of the case do not justify application of the exception to discharge found in 11 U.S.C. § 523(a)(2). Defendants further argue that they were not acting in a fiduciary capacity as to Plaintiff, and that Defendants did not act in a willful and malicious manner.

Ms. Hoffman testified that she was president of the Company before it was sold in 2003. Ms. Hoffman personally guaranteed the lease with Plaintiff, but stated at trial that she was never aware that the lease was held by a trust. Ms. Hoffman stated that she did not prepare the statement of loss following the loss of the equipment, and did not see the checks that were issued by the insurance company. By December of 2001, Ms. Hoffman was no longer active in the day to day operations of the Company. In fact, the Company's secretary handled the Company's bank accounts and Ms. Hoffman's personal bank accounts.

2

A new bank account was opened and the insurance proceeds were deposited into the new account. Mr. Hoffman testified that he instructed the manager to keep the insurance proceeds segregated for future replacement of the equipment that was stolen. Mr. Hoffman was vice-president of the Company in December of 2001, but was not involved in day to day operations. The manager, Mr. Keith Dean, was in charge of the daily operations. Mr. Hoffman stated that the insurance funds were apparently moved to the Company's main account at the direction of Ms. Hoffman. According to Ms. Hoffman's testimony, however, she was unaware of why the new account was opened for the insurance proceeds, and did not know what happened to the funds after their removal from the new account.

> Section 523(a) of the Bankruptcy Code excepts from discharge any debt -
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> > ***
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
> > ***
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6). Exceptions to discharge are narrowly construed and doubts are resolved in debtor's favor. *Bellco First Fed. Credit Union v. Kaspar (In re Kaspar),* 125 F.3d 1358, 1361 (10th Cir. 1997). The creditor bears the burden of proof as to each element by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279 (1991).

In order to prevail under § 523(a)(2)(A) a creditor must prove the following elements:

> The debtor made a false representation; the debtor made the representation with the intent to deceive the creditor; the creditor relied on the representation; the creditor's reliance was reasonable; and the debtor's representation caused the creditor to sustain a loss.

3

*Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996).[1]  In the present case, both Defendants testified that they were not involved in the daily operations of the Company, and neither Defendant prepared the paperwork involved in receiving the insurance proceeds.  Mr. Hoffman stated that he even instructed the manager to keep the funds separated from the Company's main bank account.  It is unclear what circumstances caused the funds to be moved to the Company's main bank account, and whether Ms. Hoffman directed the transfer.  Based on the evidence, however, the Court finds that she was not directly involved in managing the bank accounts, and therefore it is likely that she had little or nothing to do with transferring the funds from the segregated account to the main account.   Any involvement on Ms. Hoffman's part likely only included signing documents at the direction of the manager.  This Court also finds that neither Defendant acted with fraud, nor did they make false representations with the intent to deceive the Plaintiff.  Plaintiff has failed to demonstrate any fraudulent intent or actual fraud on behalf of the Defendants.

In order to prevail on a § 523(a)(4) action, the Plaintiff must prove, by a preponderance of the evidence, that (1) a fiduciary relationship existed between the parties and (2) fraud or defalcation was committed by the debtor during the course of the fiduciary relationship.  *Antlers Roof-Truss & Builders Supply v. Storie (In re Storie),* 216 B.R. 283, 286 (10th Cir. BAP 1997).  The Tenth Circuit, in discussing a fiduciary relationship, noted that it:

> must find that the money or property on which the debt at issue was based was entrusted to the debtor.  Thus, an express or technical trust must be present for a fiduciary

---

[1] The United States Supreme Court has established that only "justifiable reliance" upon a false representation is required to sustain a nondischargeability claim under Section 523(a)(2)(A).  *See Field v. Mans,* 516 U.S. 59, 74-75 (1995).

4

relationship to exist under § 523(a)(4). Neither a general fiduciary duty of competence, trust, loyalty, and good faith, nor an inequality between the parties' knowledge or bargaining power, is sufficient to establish a fiduciary relationship for purposes of dischargeability.

*Young,* 91 F.3d at 1371-72. The Tenth Circuit has narrowly construed "fiduciary capacity" as set forth in 11 U.S.C. § 523(a)(4). *Merrill v. Merrill (In re Merrill),* 252 B.R. 497, 505 (10th Cir. BAP 2000) (citing *Young,* 91 F.3d at 1371-72). "A debtor does not ... stand in a fiduciary relationship to his or her creditors." *Navarre v. Luna (In re Luna),* 406 F.3d 1192, 1204 (10th Cir. 2005). Plaintiff has failed to prove that a fiduciary relationship existed prior to the alleged fraud or defalcation. The relationship between the parties was not sufficient to impose a fiduciary obligation. There was no express or technical trust present in this case. As a result, Plaintiff's argument under § 523(a)(4) must fail.

The Supreme Court has stated that § 523(a)(6) refers only to "acts done with the actual intent to cause injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998). As instructed in *Geiger,*

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury* not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury."

*Id.* (emphasis in original).

Proof of both a "willful act" and "malicious injury" is required to establish nondischargeability under § 523(a)(6). *Panalis v. Moore (In re Moore),* 357 F.3d 1125, 1129 (10th Cir. 2004). "[T]o constitute a willful act under § 523(a)(6), the debtor must 'desire . . . [to cause] the consequences of his act or . . . believe [that] the consequences are substantially certain to result from it.'" *Id.* (quoting *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley),* 235 B.R. 651, 657 (10th Cir. BAP 1999)). A finding of a "malicious injury" demands proof that the debtor either intended the resulting injury or

5

intentionally took action that was substantially certain to cause the injury. *Id.*

After reviewing the evidence and testimony, it is apparent that neither Defendant acted with the intent to cause an injury to Plaintiff, nor with the knowledge that an injury was substantially certain to result from their actions. Neither Defendant was involved in the daily operations of the Company when the equipment was stolen. Neither Defendant prepared the paperwork involved in order to receive the insurance proceeds. And, as stated above, this Court believes that neither Defendant was directly involved in transferring the insurance proceeds from a segregated account to the Company's main account. Plaintiff has failed to demonstrate the required elements under § 523(a)(6).

Having found that Plaintiff has failed to demonstrate the required elements under 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6), this Court finds that the debt owed to Plaintiff by the Defendants is dischargeable.

IT IS THEREFORE ORDERED that the debt owed to Plaintiff by the Defendant is **dischargeable**.

###